IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROSE MILLER, | ) | CASE NO. 8:06CV253 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JOSEPH STEELE, JANICE WALKER, FRANK GOODROE, and DOUGLAS H. JOHNSON, all in their official capacities, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion for Summary Judgment (Filing No. 18). The Defendants argue that the Plaintiff, Rose Miller, did not have a protected property interest in continued employment with Nebraska's court system and, therefore, her claims based on alleged violations of due process in connection with the termination of her employment must fail. For the reasons stated below, the Defendants' motion will be denied.

## FACTS

Rose Miller was employed as an administrative assistant in the Drug Court Program of the Douglas County District Court in Omaha, Nebraska, from April 19, 1999, until March of 2003. (Complaint, Filing No. 1, ¶ 5; Answer, Filing No. 17, ¶ 5). On March 7, 2003, Miller met with her supervisor and with the Court Administrator of the Douglas County District Court, Defendant Frank Goodroe. (*Id.*). During that meeting, Miller was informed that she could resign her position or be dismissed. (*Id.*). Miller's employment was terminated for disciplinary reasons on either March 14 or 21. (*Id.*).

The Defendant Joseph Steele is the former Nebraska State Court Administrator, who served in that capacity in March 2003. (Complaint, ¶ 3; Answer, ¶ 2). The Defendant Janice Walker is the current Nebraska State Court Administrator. (Complaint, ¶ 3; Answer, ¶ 3). The Defendant Douglas H. Johnson is the current Douglas County Court Administrator. (Complaint, ¶ 4; Answer, ¶ 4). All Defendants are sued in their official capacities only. (Complaint, caption; Summonses, Filing No. 6).

Miller alleges that she had a protected property interest in continued employment and that the Defendants, acting under color of state law, deprived her of that property interest without due process in violation of the United States Constitution. (Complaint, ¶¶ 6-8). On March 7, 2006, she brought this action under 42 U.S.C. § 1983, seeking back pay, lost benefits, front pay or reinstatement, attorney's fees, costs and interest. (Complaint, ¶ 7).

The Defendants moved for summary judgment, alleging that Miller had no protected property interest in continued employment. (Filing No. 18). The Defendants note that the position Miller held was advertised on February 22, 1999, as "GRANT FUNDED POSITION – Limited term appointment, non-civil service/at-will employment." (Affidavit of Charles E. Lowe, Filing No. 20-2 ("Lowe Aff."), Attachment C). When questioned about whether she had seen the job description with the "non-civil service/at will" qualification, Miller responded: "I'm sure I did. I don't recall specifically, but it looks like a job description. I probably did see it." (Lowe Aff., Atttachment A, excerpts from Deposition of Rose Miller, 18:5-10).

Throughout her employment, Miller believed that she was an employee of Douglas County. (Excerpts from Deposition of Rose Miller, Filing No. 27, Attachment A ("Miller

Depo.") 22:16 to 23:2). At the time of her employment orientation, Miller was given a Douglas County Civil Service Handbook. (Miller Depo. 31:15 to 32:25; Filing No. 27, Attachment C ("Employee Handbook")). Miller thought the information in the handbook applied to her employment, and she discussed the contents of the handbook with her supervisor. (Miller Depo. 32:1 to 34:19). The Employee Handbook provided that Douglas County employees serving probationary period were "at-will" employees, while employees who satisfactorily completed their probationary periods were "regular employees" with rights to appeal and grievance procedures. (Employee Handbook, p. 11). The Employee Handbook's grievance procedure for civil service employees states that "[a]ny employee may be discharged, suspended, or demoted in rank or compensation by the Elected Official/Department Head by a written order which shall specifically state the reasons therefor." (*Id.*, p. 22).

Miller contends that the concerns leading to her termination were never brought to her attention prior to the March 7, 2003, meeting, and that she received no pre-termination notice of charges, no opportunity to be heard, and no written notice of termination. (Miller Depo. 63:14-17; 73:19 to 74:4; 75:22 to 76:4). She alleges that she was not afforded the pre-termination or post-termination procedural due process to which she was entitled through the Employee Handbook. (Miller Depo. 66:15 to 67:10; 68:19-23; Employee Handbook pp. 21-23).

**STANDARD OF REVIEW**

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Nuzum v. Ozark*

*Auto. Distribs., Inc.*, 432 F.3d 839, 842 (8th Cir. 2005).  The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id.* at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp.*, 477 U.S. at 327.

**DISCUSSION**

The Defendants' Motion for Summary Judgment is based solely on whether Miller had a protected property interest in her job. The Defendants note that Miller must show that she had a protected property interest, derived from a source such as state law, in order to demonstrate any entitlement to pre-termination due process. *Spitzmiller v. Hawkins*, 183 F.3d 912, 915-16 (8th Cir. 1999).

Miller concedes that whether she had a protected property interest in her job is governed by state law. *Bishop v. Wood*, 426 U.S. 341, 344 (1976); *Thompson v. Adams*, 268 F.3d 609, 611 (8th Cir. 2001). In Nebraska, employment is "at will" unless an entitlement is created by state law or through an independent source, such as a contract. *Wendeln v. Beatrice Manor, Inc.,* 712 N.W.2d 226, 238 (Neb. 2006) ("The clear rule in Nebraska is that unless constitutionally, statutorily, or contractually prohibited, an employer, without incurring liability, may terminate an at-will employee at any time with or without reason.").

Miller contends that the Employee Handbook provided her with a property interest in her continued employment, because it set forth pre-termination entitlements, including "written notice of charges pending, an explanation of the employer's evidence, and an opportunity to present an argument/evidence as to why termination should not occur." (Employee Handbook, p. 22). The Employee Handbook also included a post-termination grievance procedure through which a terminated employee could appeal a written order of termination, directing the appeal to the Douglas County Civil Service Commission for a formal hearing. (*Id.*).

A Nebraska employee's at-will status can be modified by contractual terms that may be created by employee handbooks and oral representations. *Hamersky v. Nicholson Supply Co.*, 517 N.W.2d 382, 385 (Neb. 1994). "[I]f the handbook language constitutes an offer definite in form which is communicated to the offeree, and the offer is accepted and consideration furnished for its enforceability, the handbook provision becomes part of the employment contract." *Johnston v. Panhandle Coop. Ass'n*, 408 N.W.2d 261, 266 (Neb. 1987) (citing *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn. 1983)). "In the case of unilateral contracts for employment, where an at-will employee retains employment with the knowledge of new or changed conditions, the new or changed conditions may become a contractual obligation." (*Id.*). "The employee's retention of employment constitutes acceptance of the offer of a unilateral contract; by continuing to stay on the job, although free to leave, the employee supplies the necessary consideration for the offer." (*Id.*).

"Whether an offer was extended to [a] plaintiff by [an] employee manual and whether such an offer, if it existed, was accepted by [a] plaintiff are issues of material fact as to the existence of the alleged contract. Therefore, summary judgment [is] not proper on the issue of whether a contract existed." *Overmier v. Parks*, 495 N.W.2d 620, 623 (Neb. 1993).

With respect to Miller's status as an at-will employee, or as an employee governed by contractual terms set forth in the Employee Handbook, genuine issues of material fact remain. These issues include (1) whether Miller was an employee of Douglas County or of the State of Nebraska, (2) whether the Employee Handbook furnished to Miller created an employment contract, and (3) whether oral representations by her supervisors or other

circumstances of her employment may have modified her original at-will employment status.

## CONCLUSION

Because there are genuine issues of material fact regarding whether Miller had a protected property interest in her continued employment, the Defendants' Motion for Summary Judgment will be denied.

IT IS ORDERED:

1. The Defendants' Motion for Summary Judgment (Filing No. 18) is denied.

DATED this 7th day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge