IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROSE MILLER, | ) | CASE NO. 8:06CV253 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | MOTION FOR RECONSIDERATION |
| JOSEPH STEELE, JANICE WALKER, | ) | |
| FRANK GOODROE, and DOUGLAS H. | ) | |
| JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion for Reconsideration of Order Denying Defendants' Motion for Summary Judgment (Filing No. 29). The matter was fully briefed (Filing Nos. 30 and 34), and for the reasons that follow, the motion for reconsideration shall be granted.

## Standard for Reconsideration

Motions for Reconsideration are governed by NECivR 60.1(c), which states:

Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of (1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence.

## Factual and Procedural Background

In the Complaint, Plaintiff Rose Miller alleges that her employment with the Douglas County Drug Court was terminated in violation of her constitutional rights, and she seeks redress pursuant to 42 U.S.C. § 1983. Specifically, Miller contends that she was discharged without the procedural due process safeguards that are accorded to regular employees of Douglas County, Nebraska, pursuant to the Douglas County Civil Service Handbook (hereafter "Handbook").

The Defendants filed a motion for summary judgment (Filing No. 18) on the basis that Miller was an at-will employee of the State of Nebraska, that she was not entitled to procedural due process, and that sovereign immunity bars the action against the State of Nebraska. The Court denied the motion for summary judgment (Filing No. 28), finding that there were genuine issues of material fact remaining that prevented entry of judgment as a matter of law.

The Defendants contend, correctly, that the Court did not afford to them the time permitted under the rules to file their reply brief and index of supplemental evidence.[1] I have reviewed the evidence that was filed with the Motion for Reconsideration, which would have been filed with the reply brief had the Court not prematurely considered the matter. I conclude that the evidence is material, and because it may change the disposition of the Defendants' motion for summary judgment, the Court will grant the Defendants' Motion for Reconsideration.

The Defendants' motion for summary judgment shall be reconsidered in light of the their arguments in reply, which were incorporated into the Brief in Support of the Motion for Reconsideration, and the Defendants' Supplemental Index of Evidence. (Filing Nos. 30 and 31). The factual background of the case, as is set forth in the Memorandum and Order dated July 7, 2006, are set out verbatim below.

---

[1] Plaintiff's opposition to the motion for summary judgment was filed on Friday, June 30, 2006, and the Court's Memorandum and Order was filed on July 7, 2006. Given the intervening weekends and holidays, the reply brief and supplemental index should have been filed by the end of the day on Thursday, July 13, 2006. *See* Fed. R. Civ. P. 6(a) and 6(e), NECivR. 7.1(c).

## Facts[2]

Rose Miller was employed as an administrative assistant in the Drug Court Program of the Douglas County District Court in Omaha, Nebraska, from April 19, 1999, until March of 2003. (Complaint, Filing No. 1, ¶ 5; Answer, Filing No. 17, ¶ 5). On March 7, 2003, Miller met with her supervisor and with the Court Administrator of the Douglas County District Court, Defendant Frank Goodroe. (*Id.*). During that meeting, Miller was informed that she could resign her position or be dismissed. (*Id.*). Miller's employment was terminated for disciplinary reasons on either March 14 or 21. (*Id.*).

The Defendant Joseph Steele is the former Nebraska State Court Administrator, who served in that capacity in March 2003. (Complaint, ¶ 3; Answer, ¶ 2). The Defendant Janice Walker is the current Nebraska State Court Administrator. (Complaint, ¶ 3; Answer, ¶ 3). The Defendant Douglas H. Johnson is the current Douglas County Court Administrator. (Complaint, ¶ 4; Answer, ¶ 4). All Defendants are sued in their official capacities only. (Complaint, caption; Summonses, Filing No. 6).

Miller alleges that she had a protected property interest in continued employment and that the Defendants, acting under color of state law, deprived her of that property interest without due process in violation of the United States Constitution. (Complaint, ¶¶ 6-8). On March 7, 2006, she brought this action under 42 U.S.C. § 1983, seeking back pay, lost benefits, front pay or reinstatement, attorney's fees, costs and interest. (Complaint, ¶ 7).

---

[2] Taken verbatim from the Court's July 7, 2006 Memorandum and Order.

The Defendants moved for summary judgment, alleging that Miller had no protected property interest in continued employment. (Filing No. 18). The Defendants note that the position Miller held was advertised on February 22, 1999, as "GRANT FUNDED POSITION – Limited term appointment, non-civil service/at-will employment." (Affidavit of Charles E. Lowe, Filing No. 20-2 ("Lowe Aff."), Attachment C). When questioned about whether she had seen the job description with the "non-civil service/at will" qualification, Miller responded: "I'm sure I did. I don't recall specifically, but it looks like a job description. I probably did see it." (Lowe Aff., Atttachment A, excerpts from Deposition of Rose Miller, 18:5-10).

Throughout her employment, Miller believed that she was an employee of Douglas County. (Excerpts from Deposition of Rose Miller, Filing No. 27, Attachment A ("Miller Depo.") 22:16 to 23:2). At the time of her employment orientation, Miller was given a Douglas County Civil Service Handbook. (Miller Depo. 31:15 to 32:25; Filing No. 27, Attachment C ("Employee Handbook")). Miller thought the information in the handbook applied to her employment, and she discussed the contents of the handbook with her supervisor. (Miller Depo. 32:1 to 34:19). The Employee Handbook provided that Douglas County employees serving probationary period were "at-will" employees, while employees who satisfactorily completed their probationary periods were "regular employees" with rights to appeal and grievance procedures. (Employee Handbook, p. 11). The Employee Handbook's grievance procedure for civil service employees states that "[a]ny employee may be discharged, suspended, or demoted in rank or compensation by the Elected Official/Department Head by a written order which shall specifically state the reasons therefor." (*Id.*, p. 22).

4

Miller contends that the concerns leading to her termination were never brought to her attention prior to the March 7, 2003, meeting, and that she received no pre-termination notice of charges, no opportunity to be heard, and no written notice of termination. (Miller Depo. 63:14-17; 73:19 to 74:4; 75:22 to 76:4). She alleges that she was not afforded the pre-termination or post-termination procedural due process to which she was entitled through the Employee Handbook. (Miller Depo. 66:15 to 67:10; 68:19-23; Employee Handbook pp. 21-23).

### Summary Judgment Standard of Review

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©); *Castillo v. Ridge*, 445 F.3d 1057, 1060 (8th Cir. 2006). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A

"genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." Id. at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

## Analysis

In the Memorandum and Order on the Defendants' motion for summary judgment that is under reconsideration, the Court identified three genuine issues of material fact:

(1) whether Rose Miller was an employee of Douglas County or of the State of Nebraska;

(2) whether the Employee Handbook furnished to Miller created an employment contract; and

(3) whether oral representations by her supervisors or other circumstances of her employment may have modified her original at-will employment status.

(Filing No. 28, pp. 6-7).

6

*Issue Preclusion*

In the supplemental index of evidence, Defendants provide copies of two opinions issued by Nebraska District Court for Douglas County, Judge Earl Witthoff presiding, in the case *Rose Miller v. Douglas County and the State of Nebraska* (Douglas County District Court Case No. 1025-761)(hereafter "state court action"). In the context of a defense motion for summary judgment, the state court considered "whether the employer of Plaintiff Rose Miller was Douglas County or the State of Nebraska." (Filing No. 31, Lowe Aff. (Second) Ex. A, p. 17).

The state court held that Miller was an employee of the State of Nebraska. (*Id.* p. 19. *See also*, Lowe Aff. (Second) Ex. B, p. 2)(stating "[t]he court . . . determined for the reasons set forth in the order that the State was the employer . . .."). Based on that holding, the Defendants in this case argue that Miller is precluded from arguing that she is an employee of Douglas County, Nebraska.

The scope of the preclusive effect of a state court judgment is governed by the laws of that state. *W.F.M., Inc. v. Cherry County, Nebraska*, 279 F.3d 640, 643 (8th Cir. 2002). Four elements must be satisfied before an issue is precluded under Nebraska law.

> [T]he issue concluded must be identical, it must have been raised and litigated in the prior action, it must have been material and relevant to the disposition of the prior action, and the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Id.* I find that all four elements are satisfied in this case. Whether Miller was a State of Nebraska or Douglas County employee was raised and litigated in the context of a summary judgment motion and, subsequently, in a motion for reconsideration in the District

Court for Douglas County, Nebraska. I find that the issue was material to the resolution of the state court action, and that the state court's holding, that Miller was an employee of the State of Nebraska, was the basis of a dismissal of both the State and the County in that case. Having found that all four elements are satisfied, I conclude that Miller is precluded as a matter of law from arguing in this case that she was an employee of Douglas County.

Finding no genuine issue of material fact regarding the status of Miller as an employee of the State of Nebraska, I turn to the second and third issues previously identified by the Court: 2) whether the Employee Handbook furnished to Miller created an employment contract; and 3) whether oral representations by her supervisors or other circumstances of her employment may have modified her original at-will employment status.

Miller must be able to support her procedural due process claim by demonstrating that she has a protected property interest at stake.

> To set forth a procedural due process violation, a plaintiff . . . must establish that his protected liberty or property interest is at stake. . . . To claim entitlement to pre-termination due process, [a plaintiff] must show that he had a protected property interest derived from a source such as state law. . . . To establish a protected property interest in his employment, he must show that he could have been fired only for good cause.

*Spitzmiller v. Hawkins*, 183 F. 3d 912, 915-16 (8th Cir. 1999)(citations omitted). It is not disputed that Miller was hired as an at-will employee. In Nebraska, an at-will employee may be discharged at any time with or without reason. *Wendeln v. The Beatrice Manor, Inc.,* 712 N.W. 2d 226, 238 (Neb. 2006). The only exception to that rule is where the employee has some constitutional, statutory, or contractual protection. *Id.* As explained more fully below, I find that Miller has failed to present any facts to support her claim that

8

her at-will employment status was modified. Because there are no facts to support her claim that she has some legitimate expectation of continued employment or pre-termination proceedings, I conclude that the Defendants' motion for summary judgment should be granted.

Nebraska courts have recognized that "[a]n employee's at-will status can be modified by contractual terms that may be created by employee handbooks and oral representations." *Hillie v. Mutual of Omaha Ins. Co.*, 512 N.W.2d 358, 361 (Neb. 1994) citing *Hebard v. AT & T,* 421 N.W.2d 10 (1988); *Foreman v. AS Mid-America, Inc.*, 586 N.W.2d 290, 303 (Neb. 1998) (recognizing that "employee handbooks, rules, and oral representations can be the bases for a contractual obligation. . ..")  In order for an employment handbook to create or modify the terms of an employment contract, "the language of an employee handbook must meet the requirements for formation of a unilateral contract." *Hillie*, 512 N.W.2d at 361.  Recently, the Nebraska Supreme Court has reiterated the elements of a unilateral contract such as what must exist to modify an at-will employment relationship.

> The question under such circumstances is whether the employer manifests a clear intent to make a promise as an offer of employment other than employment at will, and to be bound by it, so as to justify an employee in understanding that a commitment has been made.  Whether a proposal is meant to be an offer for a unilateral contract is determined by the outward manifestations of the parties, not by their subjective intentions. There must be a meeting of the minds or a binding mutual understanding between the parties to the contract.

*Blinn v. Beatrice Community Hosp. and Health Center, Inc.*, 708 N.W.2d 235, 245-46 (Neb. 2006) (citations omitted).

9

Miller was employed by the State of Nebraska, and so I have considered whether there is evidence that the State intended to modify Miller's at-will employment status. Plaintiffs argue that there is ample evidence that the Employment Handbook applied to Miller and modified her employment status. First, Miller and Goodroe believed that Miller was a Douglas County employee. Second, the Employee Handbook was given to her by Douglas County representatives during a new employee orientation. Third, Miller and her direct supervisor occasionally referred to it for guidance.

Defendants contend that the State never intended to modify the at-will status of Miller's employment, and that Miller should not be allowed to ignore the description of the job position for which she was hired in 1999, to wit: "non-civil service/at-will employment." (Filing No. 20, Lowe Aff. Ex. C). In addition, the Defendants argue that there is no evidence that the Employee Handbook was adopted by the District Court Administrator who had authority to terminate Miller's employment.

The Defendants also contend that the Employee Handbook itself expressly excludes Miller from its coverage. For instance, at page 5, the Employee Handbook states that the term "employee" does not include "court-appointed employees"[3] and that the undeniable implication from page 48, is that the district court is not an agency covered by civil service commission policies. (Filing No. 31, Lowe Aff. (Second) at Ex. C, 51-53). Despite Miller's assertion that she was told to follow the provisions of the Employee Handbook and referred to it with her direct supervisor, she testified in her deposition that

---

[3] Miller was not appointed, but Goodroe was appointed by the district court judges.

10

she and Frank Goodroe, then the Douglas County District Court Administrator, never discussed the Employee Handbook.

I find that there is no evidence that the Employee Handbook was written or adopted by the State of Nebraska; and it was not provided to Miller by the State. Although Goodroe stated that he believed Miller was an employee of Douglas County, he also testified that district court employees were not covered by civil service commission rules, that no grievance procedure was available to district court employees in 2003, that he believed that Miller understood her employment status was at-will; and that he never discussed with Miller any type of grievance procedure that might be available to her following an involuntary termination. (Goodroe Dep.41:6-42:14; 45:14-15; 47:1-4; 84:16-22). Goodroe suggested that the only informal grievance procedure that Miller might have attempted was to seek review of his decision to discharge her employment by the district court judges.

What remains is Miller's subjective belief, and Goodroe's subjective belief, that Miller was employed by Douglas County, and Miller's subjective belief that she was covered by the Civil Service Commission rules. These subjective beliefs, without more, are insufficient to create a genuine issue of material fact; are insufficient to form the basis of a unilateral contract; and are insufficient to evidence an intention to modify Miller's at-will employment status. Based on this evidence, I conclude that the State of Nebraska did not modify Miller's at-will employment status through the Douglas County Civil Service Employee Handbook.

Defendants also contend that as an employee of the Drug Court Program of the District Court of Douglas County, Miller was not covered by the Nebraska Supreme Court's Personnel Policies and Procedures or the State's Classified System Personnel Rules and

11

Regulations. *See* Lowe Aff. Ex. H, p. 1; Ex. I, p.1a; Neb. Rev. Stat. § 81-1316(1)(h)(Cum. Supp. 2004). Miller has not come forward with any evidence to rebut these assertions. I find there are no genuine issues regarding the fact that these State policies do not apply. Accordingly, I find no evidence that the State of Nebraska made any "outward manifestation," through a handbook, verbally, or otherwise, to indicate a desire to change Miller's employment status from at-will to protected.

For all these reasons,[4] I find there are no genuine issues of fact that Miller was an employee of the State of Nebraska, and that the Employee Handbook and other state policies had no effect on Miller's at-will employment status. I conclude that the Defendants' motion for summary judgment should be granted, and judgment entered in favor of the Defendants as a matter of law. Accordingly,

IT IS ORDERED:

1. Defendants' Motion for Reconsideration (Filing No. 29) is granted;

2. The Court's Memorandum and Order dated July 7, 2006, shall be withdrawn;

---

[4] Miller has also argued that the borrowed servant doctrine may apply in this case, but I conclude that the doctrine's applicability was considered and rejected in the state court action. Nebraska law provides that "[t]he right of control, or the want of it, is determinative of the [employment] relationship; for one who has no right of control over another ought not be required to answer for his acts, and, on the other hand, if one has such right of control he should be answerable." *Mansfield v. Andrew Murphy & Son*, 298 N.W. 749, 753 (Neb. 1941). The state court's August 12, 2004, Memorandum and Order states: "Douglas County had no authority to control, direct, or terminate Mr. Goodroe while he was employed as the Court Administrator; only the District Court judges have the authority to control, direct, or terminate the Court Administrator. Only the Court Administrator has the authority to control, direct, or terminate employees of the District Court. . . . It is the determination of this court that it is not sound to hold Douglas County responsible for a dismissal in which it had no control." (Lowe Aff. (Second) Ex. A, 18-9). And then, in its October 22, 2004, Memorandum and Order on the motion for reconsideration, the state court acknowledged "some of the parties think that both the State and the County were employers and asserted that the lent servant doctrine applied," but the state court rejected that argument dismissing the petition as against the State and Douglas County.

3. Upon reconsideration, the Defendants' Motion for Summary Judgment (Filing No. 18) is granted on all claims; and

4. A separate judgment shall be entered.

DATED this 23rd day of August, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

13